NOSSAMAN LLP
DAVID C. LEE (SBN 193743)
dlee@nossaman.com
ILSE C. SCOTT (SBN 233433)
iscott@nossaman.com
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone:  415.398.3600
Facsimile:415.398.2438

Attorneys for Plaintiff ABBYSON LIVING LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABBYSON LIVING LLC,<br><br>          Plaintiff,<br><br>     vs.<br><br>AFFORDABLE SEATING, LLC,<br><br>          Defendant. | Case No:  2:20-cv-05344<br>CaseNumber<br><br>**COMPLAINT FOR TRADEMARK INFRINGMENT; DEMAND FOR JURY TRIAL** |

COMPLAINT FOR TRADEMARK INFRINGEMENT
57481023.v4

Plaintiff Abbyson Living LLC ("Abbyson") hereby submits this Complaint for Trademark Infringement ("Complaint") against Defendant Affordable Seating, LLC ("Affordable"), and alleges as follows:

## NATURE OF THE ACTION

1.     This is a civil action for direct trademark infringement of Abbyson's federally-registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. §§ 1052 *et seq.*; direct counterfeiting of Abbyson's federally-registered trademark in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c); unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. § 1125(a)); and ancillary related state and common law claims, all arising from Affordable's unauthorized and infringing use of Abbyson's registered trademark in connection with the advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling of goods and/or services.

2.     As a result of Affordable's infringing activities, Abbyson seeks a declaratory judgment of infringement, permanent injunctive relief, and the recovery of Abbyson's actual damages, Affordable's profits, trebled damages, statutory damages, costs of suit, an award of attorney's fees as authorized by statute, and for such other relief as the Court deems just and proper.

## THE PARTIES

3.     Plaintiff Abbyson is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Calabasas, California.

4.     On information and belief, Defendant Affordable is a limited liability company organized under the laws of the State of Illinois, with its principal place of business in Chicago, Illinois.

## JURISDICTION AND VENUE

5.     This action arises under federal trademark laws, 15 U.S.C. §§ 1051 *et seq.*, and this Court has original jurisdiction over the subject matter pursuant to 15

COMPLAINT FOR TRADEMARK INFRINGEMENT
57481023.v4

U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a), because these claims form part of the same case or controversy.

6.     This Court has personal jurisdiction over Affordable because Affordable markets, distributes and/or sells infringing products throughout the United States, including to customers within this judicial district.  Further, and as set forth in more detail herein, Affordable committed intentional acts of trademark infringement that were expressly aimed at Abbyson (whose primary place of business is located in California, and who polices and enforces its trademark rights from California), and which caused harm that Affordable knew was likely to be suffered by Abbyson in California.

7.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Affordable conducts, transacts and/or solicits business in this judicial district, such that its contacts with this district subject it to personal jurisdiction with respect to this action and, on information and belief, a substantial part of the events or omissions giving rise to Abbyson's claims, specifically the infringement of Abbyson's trademarks, has occurred, and continues to occur in this judicial district, causing damage to Abbyson in this judicial district.

## BACKGROUND FACTS

### Abbyson's Trademark Ownership

7.     Abbyson is a leading home furnishings and lifestyle brands company that develops, manufactures and sells furniture.   Its business is largely comprised of an e-commerce drop-ship business model, which focuses on serving numerous online retailers with innovative and new furniture designs.  Abbyson does not sell its products directly to consumers, but instead offers them through authorized online e-commerce retailers such as Costco.com and Wayfair, among others.  Abbyson's extensive online retail sales, combined with its high-quality products, has earned Abbyson numerous awards and industry recognition.

8.     For over three decades, Abbyson and/or its predecessors in interest have produced and sold furniture under the distinctive Abbyson brand.  The Abbyson brand signifies high quality in furniture design, manufacture, and service. Abbyson has protected its brand by, among other things, obtaining various federally-registered trademarks.

9.     As specifically relevant here, Abbyson owns all rights, title and interest in U.S. Trademark Registration No. 4,331,124, for the word mark ABBYSON (the "Abbyson Mark").  A true and correct copy of the registration certificate for the Abbyson Mark is attached hereto as Exhibit A.  The Abbyson Mark was registered with the United States Patent and Trademark Office ("USPTO") on May 7, 2013 and is currently in force.

10.     Pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, the Abbyson Mark has also become incontestable.  A true and correct copy of the USPTO Trademark Status and Document Retrieval ("TSDR") status page showing the USPTO's acknowledgement of incontestability under Section 15 for the Abbyson Mark is attached hereto as Exhibit B.  Based on its incontestable status under Section 15 of the Lanham Act, the federal registration of this mark is conclusive evidence of the validity of the Abbyson Mark, of Abbyson's ownership of the Abbyson Mark, and of Abbyson's exclusive right to use the Abbyson Mark in commerce.

11.     Abbyson and/or its predecessors in interest has used the Abbyson Mark continuously and conspicuously for decades, and has spent significant sums in advertising associated with the Abbyson Mark across the United States.  As a result of Abbyson's substantial investment in and use of the Abbyson Mark, it has become well-known among U.S. purchasers of furniture goods and services.

12.     To create and maintain goodwill with customers and consumers, Abbyson has taken significant steps to assure that the products and services that are marketed under the Abbyson Mark are of the highest quality.  The Abbyson Mark

is valuable to Abbyson because customers purchase Abbyson goods and services based on the goodwill and quality that the Abbyson Mark signifies.

13.     Abbyson's use of the Abbyson Mark in commerce began prior to Affordable's use of the Abbyson Mark.

14.     Abbyson has never authorized or consented to Affordable's use of the Abbyson Mark, or of any confusingly similar mark.

**Affordable's Infringement of the Abbyson Mark**

15.     Affordable is an internet-based retailer of furniture.  On information and belief Affordable operates multiple websites through which it markets various furniture products, including at least the following sites: www.affordableseating.net, www.restaurantfurniture.net, www.restaurantfuriruresupply.com, www.restaurant-furniture.com, www.seatingmasters.com, and www.restaurant-furniture.ca.  On information and belief, through its various websites, Affordable advertises, offers for sale, sells and ships furniture products throughout the United States, including California.

16.     On information and belief, Affordable also operates under multiple assumed or fictitious business names, including at least the following:  (i) seatingmasters.com; (ii) restaurant-furniture.com; (iii) Restaurant Furniture Canada; (iv) Restaurant Furniture Supply; and (v) restaurantfurniture.net.

17.     Affordable has infringed and continues to infringe the Abbyson Mark.  Through the websites it controls, Affordable has advertised and sold a purported "Abbyson Padded Metal Chair with Black Vinyl Upholstery" (the "Infringing Product").  For example, Affordable advertised and sold the Infringing Product through the www.affordableseating.net site by using an image that appeared as follows:

/ / /

/ / /

/ / /



18.     Affordable likewise advertised and sold the Infringing Product through the www.seatingmasters.com site, as follows:

19.     On information and belief, Affordable also replicated its unauthorized use of the Abbyson Mark to market and sell the Infringing Product on other websites it controlled.

20.     On April 21, 2020, Abbyson's legal counsel sent a cease and desist demand letter to Affordable's legal counsel.  The letter explicitly notified Affordable of its infringement of the federally-registered Abbyson Mark and provided Affordable with notice of the federal registration number, among other information.  A true and correct copy of that letter is attached here, as Exhibit C.

21.     Affordable's counsel responded in an April 28, 2020 letter, claiming that Affordable had removed any reference to the Abbyson Mark from all website domains controlled by Affordable, and that Affordable would cease selling products in connection with the Abbyson Mark.  In fact, however, Affordable's infringing activities continued.

22.     Affordable's websites continued to use the Abbyson Mark to advertise and sell the Infringing Product.  Although Affordable substituted the word "Gunnar" for at least some of the references to "Abbyson", Affordable continued to infringe on the Abbyson Mark on multiple e-commerce websites.  For instance, keying "Abbyson" into the search boxes on Affordable's websites not only resolved to the Infringing Product listing page, but also depicted the Abbyson Mark in the tab header at the top of the Infringing Product's detail page on Affordable's various websites.

23.     For example, as of at least April 28, 2020, the Abbyson Mark appeared in the browser tab header for the Infringing Product on www.affordableseating.net, as shown below (at the uppermost top left corner of the image):

/ / /

/ / /

/ / /



24.    Likewise, the continued use of the Abbyson Mark in the tab header for the Infringing Product also appeared on www.restaurantfurniture.net, as of at least April 29, 2020, as shown below (i.e., the right-most tab at the top of the image):

COMPLAINT FOR TRADEMARK INFRINGEMENT

57481023.v4



25.     Accordingly, on April 30, 2020, Abbyson's counsel sent a second cease and desist demand letter to Affordable's counsel.  A true and correct copy of that letter is attached hereto as <u>Exhibit D</u>.  To date, Affordable has yet to make any satisfactory response.

26.     Affordable had actual knowledge of Abbyson's use of and ownership rights in the Abbyson Mark.  Through its multiple e-commerce websites, Affordable has willfully infringed upon the Abbyson Mark in order to wrongfully capitalize upon and profit from Abbyson's reputation and goodwill.

27.     Affordable's strategy of intentionally deceiving consumers and obtaining profits by infringing the trademarks of others is demonstrated by its actions in response to Abbyson's recent cease and desist notices.  When caught red-handed in the infringement of the Abbyson Mark in connection with the sale of the "padded metal chair," Affordable's solution was to simply substitute its use of the "Abbyson" name and Mark with the use of the "Gunnar" name on the same product marketed and sold via its various websites.

COMPLAINT FOR TRADEMARK INFRINGEMENT
57481023.v4

28.     On information and belief, however, Affordable's newly-altered descriptions incorporating the "Gunnar" name to market and sell the Infringing Product appears to wrongfully infringe upon the registered trademark of another third party furniture company, Gunnar Group Inc.  On information and belief, Gunnar Group, Inc. is likewise in the business of manufacturing and selling furniture, and has not authorized or consented to Affordable's use of its mark.  A true and correct copy of the trademark registration information for the word mark GUNNAR (the "Gunnar Mark") is attached hereto as <u>Exhibit E</u>, and establishes that the Gunnar Mark is owned by Gunnar Group Inc., and that the mark was registered with the Canadian Intellectual Property Office on March 5, 2004 and is currently in force.  As such, Affordable's business model is evidently structured upon the reckless practice of serial infringement of the registered trademarks of more prominent and reputable furniture sellers.

**<u>CAUSES OF ACTION</u>**

**FIRST CAUSE OF ACTION**

**Trademark Infringement Under Sections 32, 34, and 35 of the Lanham Act (15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c))**

29.     Abbyson realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 28 of this Complaint with the same force and effect as if fully set forth herein.

30.     Affordable has used and/or is continuing to use the Abbyson Mark in connection with the advertisement, promotion, and/or sale of the Infringing Product without authorization or license to do so.

31.     Without Abbyson's authorization or consent, and with knowledge of Abbyson's well-known and prior rights in the Abbyson Mark, Affordable intentionally reproduced, copied, and/or colorably imitated the Abbyson Mark and/or used spurious designations that are identical to, or substantially indistinguishable from, the Abbyson Mark on or in connection with the import,

- 10 -

export, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of the Infringing Product.

32.     Affordable's actions constitute willful infringement of the Abbyson Mark in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c).

33.     Affordable's use of the Abbyson Mark has caused, and /or is likely to cause, confusion, mistake and deception among the general public as to the origin of the Infringing Product, and is likely to deceive consumers, the public, and the trade into believing that the Infringing Product originates from, is associated with, or is otherwise authorized by Abbyson, in violation of 15 U.S.C. §§ 1114(1).

34.     As a result of Affordable's infringing activities, Abbyson has suffered and/or is likely to suffer actual monetary damages, while Affordable has been and continues to be unjustly enriched by its wrongdoing.

35.     As a direct and proximate result of Affordable's infringing actions, Affordable has also caused irreparable injury and damage to Abbyson, its business, reputation, and valuable rights in the Abbyson Mark and the goodwill associated therewith, in an amount as yet unknown but to be determined at trial, and for which Abbyson has no adequate remedy at law, and unless enjoined, Affordable will continue to cause such substantial and irreparable injury, loss and damage to Abbyson.

36.     Affordable's infringement of the Abbyson Mark has been intentional and knowing, entitling Abbyson to statutory damages of $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, and/or further entitling Abbyson to treble the actual damages or profits, and an award of attorney's fees pursuant to 15 U.S.C. § 1117.

/ / /

/ / /

/ / /

/ / /

COMPLAINT FOR TRADEMARK INFRINGEMENT

57481023.v4

**SECOND CAUSE OF ACTION**

**Unfair Competition Under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a))**

37.     Abbyson realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 36 of this Complaint with the same force and effect as if fully set forth herein.

38.     Affordable's unauthorized use of the Abbyson Mark in interstate commerce wrongly and falsely designates, describes, or represents the Infringing Product, and is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of the Infringing Product with Abbyson, or as to the sponsorship or approval of this product by Abbyson.

39.     Affordable's actions violate Abbyson's rights in its distinctive Abbyson Mark in violation of 15 U.S.C. § 1125(a).

40.     As a direct and proximate result of Affordable's conduct as alleged herein, Affordable has caused both monetary loss and irreparable injury and damage to Abbyson, for which Abbyson has no adequate remedy at law, and unless enjoined, Affordable will continue to cause such serious and irreparable harm, for which there is no adequate remedy at law.

**THIRD CAUSE OF ACTION**

**Common Law Unfair Competition/Trademark Infringement**

41.     Abbyson realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 40 of this Complaint with the same force and effect as if fully set forth herein.

42.     Affordable's unauthorized use of the Abbyson Mark constitutes common law unfair competition and trademark infringement because such use is likely to cause confusion, mistake, or deception as to the source, sponsorship or approval by Abbyson of the Infringing Product.  For example, consumers are likely to mistakenly believe that the Infringing Product advertised and sold by Affordable

- 12 -

57481023.v4

originates from Abbyson, is licensed by Abbyson, and/or is sponsored by, connected with, or otherwise related to Abbyson.

43.     Affordable's infringing activity constitutes unfair competition and trademark infringement in violation of the common law of the State of California.

44.     As a direct and proximate result of Affordable's conduct as alleged herein, Affordable has caused both monetary loss and irreparable injury and damage to Abbyson, for which Abbyson has no adequate remedy at law, and unless enjoined, Affordable will continue to cause such serious and irreparable harm, for which there is no adequate remedy at law.

## FOURTH CAUSE OF ACTION

### Violation of California Consumer Protection Act

### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

45.     Abbyson realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 44 of this Complaint with the same force and effect as if fully set forth herein.

46.     Affordable's unauthorized use of the Abbyson Mark wrongly and falsely designates, describes, or represents the Infringing Product, and is likely to cause confusion, mistake and deception as to the affiliation, connection, or association of the Infringing Product with Abbyson, or as to Abbyson's sponsorship or approval of the Infringing Product.

47.     Affordable's actions, as set forth herein, violate Abbyson's rights in the Abbyson Mark and constitute unlawful, unfair, or fraudulent business acts and practices within the meaning of Cal. Bus. & Prof. Code §§ 17200 *et seq.*

48.     As a direct and proximate result of Affordable's conduct as alleged herein, Affordable has caused both monetary loss and irreparable injury and damage to Abbyson, for which Abbyson has no adequate remedy at law, and unless enjoined, Affordable will continue to cause such serious and irreparable harm, for which there is no adequate remedy at law.

- 13 -

57481023.v4

## **PRAYER FOR RELIEF**

WHEREFORE, Abbyson prays for judgment as follows:

1.      For entry of a judgment that Affordable has infringed the Abbyson Mark in violation of Abbyson's rights under federal and common law;

2.      For entry of a judgment that Affordable has competed unfairly with Abbyson in violation of Abbyson's rights under federal and common law;

3.      For entry of a judgment that Affordable has violated Cal. Bus. & Prof. Code §§ 17200 *et seq*.;

4.      For entry of an order directing the destruction of any and all of Affordable's unlawful products or materials, and ordering Affordable to compensate Abbyson for any and all advertising or other expenses necessary to dispel the public confusion caused by Affordable's unlawful acts;

5.      For monetary damages in an amount to be proven at trial, including but not limited to, statutory damages and/or all amounts necessary to compensate Abbyson for Affordable's wrongful use of the Abbyson Mark, including reasonable attorney's fees and costs of suit incurred herein;

6.      For recovery of Abbyson's legal fees under 15 U.S.C. § 1117, and for increased damages in light of the willfulness in Affordable's unlawful acts as alleged herein, said award to equal at least treble Abbyson's actual damages or Affordable's profits (whichever is greater) under 15 U.S.C. § 1117;

7.      For pre-judgment interest at the legal rate; and

8.      For such other and further relief as the Court may deem just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

COMPLAINT FOR TRADEMARK INFRINGEMENT

57481023.v4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Abbyson hereby demands trial by jury on all issues raised by this Complaint.

Dated:  June 16, 2020                     NOSSAMAN LLP


By:  */s/ Ilse C. Scott*
                                        David C. Lee
                                        Ilse C. Scott
                        Attorneys for Plaintiff ABBYSON LIVING
                        LLC

- 15 -

57481023.v4

# EXHIBIT A

# United States of America

## United States Patent and Trademark Office

# ABBYSON

**Reg. No. 4,331,124**

**Registered May 7, 2013**

**Int. Cls.: 20 and 35**

**TRADEMARK**

**SERVICE MARK**

**PRINCIPAL REGISTER**

ABBYSON CORPORATION (CALIFORNIA CORPORATION)
23679 CALABASAS ROAD, #376
CALABASAS, CA 91302

FOR: FURNITURE, IN CLASS 20 (U.S. CLS. 2, 13, 22, 25, 32 AND 50).

FIRST USE 11-1-2002; IN COMMERCE 11-1-2002.

FOR: WHOLESALE STORE, RETAIL STORE AND ONLINE RETAIL STORE SERVICES FEATURING FURNITURE, RUGS AND LEATHER GOODS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 11-1-2002; IN COMMERCE 11-1-2002.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 2,954,451.

SEC. 2(F).

SER. NO. 85-696,683, FILED 8-7-2012.

BRENDAN REGAN, EXAMINING ATTORNEY



Acting Director of the United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the
USPTO website for further information.  With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at** http://www.uspto.gov.

# EXHIBIT B

| | |
|---|---|
| **From:** | TMOfficialNotices@USPTO.GOV |
| **Sent:** | Thursday, June 13, 2019 11:01 PM |
| **To:** | trademarks@fcoplaw.com |
| **Cc:** | jheybl@fcoplaw.com ;  kkooker@fcoplaw.com |
| **Subject:** | Official USPTO Notice of Acceptance/Acknowledgement Sections 8 and 15: U.S. Trademark RN 4331124: ABBYSON: Docket/Reference No. 1027-47-008 |

**U.S. Serial Number:**  85696683
**U.S. Registration Number:**  4331124
**U.S. Registration Date:**  May 7, 2013
**Mark:**  ABBYSON
**Owner:**  ABBYSON LIVING LLC

Jun 13, 2019

### NOTICE OF ACCEPTANCE UNDER SECTION 8

The declaration of use or excusable nonuse filed for the above-identified registration meets the requirements of Section 8 of the Trademark Act, 15 U.S.C. §1058.  **The Section 8 declaration is accepted.**

### NOTICE OF ACKNOWLEDGEMENT UNDER SECTION 15

The declaration of incontestability filed for the above-identified registration meets the requirements of Section 15 of the Trademark Act, 15 U.S.C. §1065.  **The Section 15 declaration is acknowledged.**

**The registration will remain in force for the class(es) listed below, unless canceled by an order of the Commissioner for Trademarks or a Federal Court, as long as the requirements for maintaining the registration are fulfilled as they become due.**

**Class(es):**
020, 035

TRADEMARK SPECIALIST
POST-REGISTRATION DIVISION
571-272-9500

---

### REQUIREMENTS FOR MAINTAINING REGISTRATION

**WARNING: Your registration will be canceled if you do not file the documents below during the specified statutory time periods.**

**Requirements in the First Ten Years**

**What and When to File:** You must file a declaration of use (or excusable nonuse) **and** an application for renewal between the 9th and 10th years after the registration date.  See 15 U.S.C. §§1058, 1059.

**Requirements in Successive Ten-Year Periods**

**What and When to File:** You must file a declaration of use (or excusable nonuse) **and** an application for renewal between every 9th and 10th-year period, calculated from the registration date.  See 15 U.S.C. §§1058, 1059.

**Grace Period Filings**

The above documents will be considered as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*\*\*THE USPTO IS NOT REQUIRED TO SEND ANY FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS.  THE OWNER SHOULD CONTACT THE USPTO ONE YEAR BEFORE THE EXPIRATION OF THE TIME PERIODS SHOWN ABOVE TO DETERMINE APPROPRIATE REQUIREMENTS AND FEES.\*\*\***

To check the status of this registration, go to
https://tsdr.uspto.gov/#caseNumber=85696683&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=statusSearch  or contact the Trademark Assistance Center at 1-800-786-9199.

To view this notice and other documents for this registration on-line, go to
https://tsdr.uspto.gov/#caseNumber=85696683&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=documentSearch  NOTE: This notice will only be available on-line the next business day after receipt of this e-mail.

* **For further information, including information on filing and maintenance requirements for U.S. trademark applications and registrations and required fees, please consult the USPTO website at https://www.uspto.gov/trademark/ or contact the Trademark Assistance Center at 1-800-786-9199.**

# EXHIBIT C



ATTORNEYS AT LAW

50 California Street
34th Floor
San Francisco, CA  94111
T 415.398.3600
F 415.398.2438

David C. Lee
D 415.438.7235
dlee@nossaman.com

Refer To File # 502714-0004

**VIA EMAIL & US MAIL**

April 21, 2020

Elliot S. Wiczer
Wiczer, Sheldon & Wiczev
500 Skokie Boulevard, Suite 325
Northbrook, IL  60062
Email: ewiczer@wsjlawfirm.com

    Re:    **Cease and Desist Demand to Affordable Seating, LLC**

Dear Mr. Wiczer:

    We are legal counsel to Abbyson Living LLC ("Abbyson").  We are writing to you in your capacity as the agent for service of process for Affordable Seating, LLC ("ASL"), presumably a client of your firm.  This letter addresses a significant and troubling discovery made with respect to ASL.

    By way of background, Abbyson is a leading home furnishings and lifestyle brands company that has developed, manufactured and sold furniture for over three decades.  Its business is largely comprised of an e-commerce drop-ship business model which focuses on servicing numerous online retailers with innovative and new furniture designs.  Its products are sold and featured by some of the largest and most prestigious home furnishing retailers in the world, including among many others:  Wayfair, Overstock.com, Amazon, Target, Bed Bath & Beyond, Macy's and Costco.com.

    This extensive sales channel, combined with its high-quality products, has earned Abbyson numerous awards and industry recognition by, among others: *Inc. 500* (one of America's fastest growing companies), *Los Angeles Business Journal* (one of America's fastest growing companies); and Ernst & Young (semi-finalist for Entrepreneur of the Year).  Its products have been featured in television reality series.  This fame and growth has resulted in Abbyson recently opening a 500,000 square foot distribution center in Los Angeles, as well as opening a massive new showroom at the High Point Market in North Carolina.

    For decades, Abbyson has continuously operated using its ABBYSON trademark; a mark registered with the U.S. Patent and Trademark Office ("PTO") in International Class 20 (for furniture goods and services) and 35 (wholesale store, retail store and online retail store services featuring furniture, among other items) (*Registration No.* 4331124).  During that time, Abbyson has expended millions of dollars annually to engage in aggressive and systematic marketing efforts and strategies to promote and sell its products.  As a result of these marketing efforts, Abbyson has established goodwill and recognition in its ABBYSON mark throughout the industry and among the general furniture-consuming public.

It has come to our attention that ASL, through its domain site (www.affordableseating.net) has and is continuing to market and sell knock-off versions of Abbyson's genuine products, including a purported "Abbyson Padded Metal Chair with Black Vinyl Upholstery" (SKU:  ASF-ERAT-513) (the "Offending Product").  This product constitutes a blatant counterfeit of Abbyson's genuine padded chair.  Moreover, ASL is not, and never has been, authorized to sell such knock-offs.  Most troubling is ASL's unauthorized use and display of the ABBYSON mark in connection with the promotion of the Offending Product – a blatant and obvious infringement of our client's registered trademark.

ASL's unauthorized use of the ABBYSON mark can only be interpreted as an intentional and obvious tactic to traffic off of the goodwill and renown associated with that Mark, and its prominence within the furniture industry and among consumers.  In so doing, ASL is infringing on the Mark, willfully and intentionally confusing consumers through its use of ABBYSON, and profiting from the goodwill and industry recognition that Abbyson has spent years cultivating through expensive and extensive marketing efforts.

ASL's infringing use now exposes it to liability under multiple theories, including but not limited to, trademark infringement (15 U.S.C. §1114/Lanham, Act §43(a)), false designation of origin (15 U.S.C. §1125(a)), trademark dilution (15 U.S.C. §1125(c)), and unfair business practices.

By this letter, Abbyson therefore demands that ASL immediately undertake the following "Affirmative Steps":

1. Cease and desist from any and all further use and/or reference to Abbyson or its ABBYSON mark in ASL's marketing and sales efforts, including but not limited to, online platforms, printed and hardcopy materials, and social media content;

2. Take down and remove any and all references to Abbyson or its ABBYSON mark existing on ASL's domain site (www.affordableseating.net), as well as any other domain or sub-domain sites controlled by ASL and or its affiliates; and

3. Discontinue any and all sales of the Offending Product.

In addition to the above, Abbyson further demands that ASL immediately provide to this office information responsive to the following "Information Requests":

1. The SKU #s for any other Abbyson-referenced product sold by ASL over the past 5 years ("Other Offending Products");

2. The date when ASL first started selling the Offending Product (and Other Offending Products) through any sales channel into and outside of the U.S.;

3. The specific sales channels through which the Offending Product (and Other Offending Products) has/have been offered and/or sold by ASL (i.e., storefront sales, online sales, convention/tradeshow sales, etc.);

Elliot S. Wiczer
April 21, 2020
Page 3

4. The total sales revenues earned by ASL from its sale of the Offending Product (and Other Offending Products) in the U.S. sorted annually and by each sales channel;

5. The total sales revenues earned by ASL from its sale of the Offending Product (and Other Offending Products) outside of the U.S. sorted annually and by each sales channel; and

6. The identity of the suppliers and vendors through which ASL obtained the Offending Products (and Other Offending Products).

We seek written confirmation of ASL's intent to: (1) comply with the Affirmative Steps outlined above; and (2) submit the information responsive to our Information Requests, on or before the close of business (5:00 p.m. PST) on **April 28, 2020**.  In the absence of a timely confirmation, Abbyson will immediately initiate legal action without further notice to ASL and seek all available legal remedies, including but not limited to, disgorgement of profits realized through the infringement, consequential damages, attorney's fees and costs arising from ASL's willful conduct, and injunctive relief.

This firm has extensive experience in the enforcement of intellectual property rights. Please do not have ASL contact us with any excuses or purported justifications for its unauthorized and infringing use of the Mark.  Instead, it can provide those excuses to its legal counsel (if not you), who will undoubtedly explain the law of trademarks, including the fact that even innocent infringement, which clearly is not at issue here, is nevertheless subject to liability and payment of damages to the owner of intellectual property rights.

If you have any questions, please do not hesitate to contact me.  In the meantime, we await ASL's prompt response.

Sincerely,

David C. Lee
Nossaman LLP

DCL:nam

57435449.v1

# EXHIBIT D



**ATTORNEYS AT LAW**

50 California Street
34th Floor
San Francisco, CA  94111
T 415.398.3600
F 415.398.2438

David C. Lee
D 415.438.7235
dlee@nossaman.com

Refer To File # 502714-0004

**VIA EMAIL & US MAIL**

April 30, 2020

Elliot S. Wiczer
Wiczer, Sheldon & Wiczev
500 Skokie Boulevard, Suite 325
Northbrook, IL  60062
Email:  ewiczer@wsjlawfirm.com

Re:     **Cease and Desist Demand to Affordable Seating, LLC**

Dear Mr. Wiczer:

We are in receipt of your April 28, 2020 letter responding to our prior cease and desist demand.  Initially, we appreciate your confirmation that Affordable Seating, LLC ("ASL") has removed the unauthorized use of the ABBYSON mark from its website/s and will cease all infringing uses.  We further appreciate the limited information you provided with respect to the purported sales of the Offending Product.

That said, ASL's response remains deficient in multiple respects.  First, ASL has failed to provide information specifically requested in our initial letter:

1. The date when ASL first started selling the Offending Product (and Other Offending Products) through any sales channel into and outside of the U.S.;

2. The specific sales channels through which the Offending Product (and Other Offending Products) has/have been offered and/or sold by ASL (i.e., storefront sales, online sales, convention/tradeshow sales, etc.);

3. The total sales revenues earned by ASL from its sale of the Offending Product (and Other Offending Products) in the U.S. sorted annually and by each sales channel;

4. The total sales revenues earned by ASL from its sale of the Offending Product (and Other Offending Products) outside of the U.S. sorted annually and by each sales channel; and

5. The identity of the suppliers and vendors through which ASL obtained the Offending Products (and Other Offending Products).

As ASL is no doubt are aware, Abbyson is a California-based company whose products are sold both nationally and internationally.  As such, it is imperative that Abbyson understand

Elliot S. Wiczer
April 30, 2020
Page 2

the geographic scope of ASL's sales for purposes of damage control, including but not limited to the injury to the goodwill Abbyson has developed.  Likewise, Abbyson needs to understand the origins of the Offending Product in order to assess whether third parties are likewise engaged in infringing conduct.

Second, ASL's assertion that it has only sold 29 total units is self-servingly vague.  While your letter purports to provide "Task ID" and "Date Placed" information with corresponding total "PCS," it is impossible to discern the sales channels through which these 29 units, at least, were sold.  Our research has uncovered that ASL operates via multiple business names and domain sites (www.restaurantfurniture.net, www.restaurant-furniture.com, Restaurant Furniture Canada, and Restaurant Furniture Supply), none of which were disclosed in ASL's responsive letter.  Consequently, it is crucial that ASL provide the information necessary to understand the specific channels through which the above sales occurred.  As you can appreciate, we are skeptical about the reported number of units sold given the vast business operations of Jeff Walden and Julie Sanders.  Moreover, we question whether September 2019 is the actual first date of sale across all business operations.

Third, we consider this matter far from "concluded."  ASL's explicit admission to selling products under the ABBYSON mark constitutes a counterfeit use of that Mark.  As such, Abbyson is entitled to available statutory remedies up to $200,000, pursuant to 15 U.S.C. § 1117(c).  The fact that ASL's counterfeit use was blatantly willful increases those available statutory damages to $2,000,000.  That ASL only sold 29 units (even if true), thereby potentially resulting in modest actual damages, is immaterial.  The Lanham Act specifically permits Abbyson to elect its form of damages – in other words, statutory damages rather than actual damages.  Abbyson will further be entitled to recover its attorney's fees, if forced to litigate in order to recover its damages.  Although your letter purports to reserve ASL's defense concerning the "validity" of the ABBYSON mark, any such argument will fail spectacularly; the ABBYSON mark obtained its Section 15 incontestability years ago, and has been in continuous use for decades.

Simply put, we view ASL's counterfeiting conduct as a defenseless willful infringement of the ABBYSON mark.  Triers of fact abhor such anti-competitive conduct.  Therefore, given Abbyson's ability to pursue statutory damages and recover its attorney's fees, it has very little downside in initiating legal action.

However, in a final effort to avoid doing so, we again demand the production of the above-requested information.  Abbyson further demands payment of the statutory damages for this clear counterfeit use of the Mark (i.e., $200,000).  If forced to proceed to legal action, Abbyson will seek the maximum damages available to it (i.e., up to $2,000,000).

We seek ASL's confirmation of its intent to comply with the above demands on or before the close of business (5:00 p.m. PST) on **May 5, 2020**.  In the absence of a timely response, we will assume ASL elects to proceed to litigation.

Elliot S. Wiczer
April 30, 2020
Page 3

      If you have any questions, please do not hesitate to contact me.  In the meantime, we await ASL's prompt response.

Sincerely,

David C. Lee
Nossaman LLP

DCL:nam

# EXHIBIT E

# GUNNAR — 1132977

**Application number**
1132977

**Registration number**
TMA604281

**Type(s)**
Word

**Category**
Trademark

**CIPO status**
REGISTERED

**Filed**
2002-03-04

**Registered**
2004-03-05

**Registration Expiry Date**
2034-03-05

**Current owner**
GUNNAR GROUP INC. 3220 - 118th Avenue SE Calgary ALBERTA T2Z3X1

**Agent**
BENNETT JONES LLP 4500 BANKERS HALL EAST 855 - 2ND STREET S.W. CALGARY ALBERTA T2P4K7

**Registrant**
GUNNAR MANUFACTURING INC. 3200 - 118 Avenue Calgary ALBERTA T2Z3Y1

**Applicant**
GUNNAR MANUFACTURING INC. 3200 - 118 Avenue Calgary ALBERTA T2Z3Y1

**Index headings**
GUNNAR

GUNNER

**Goods**
(1) Office case goods, namely, tables, desks, filing cabinets, credenzas, book shelves and chairs.

**Services**
(1) Carrying on the business of designing and manufacturing furniture and case goods for others.

**Classification data**
**Disclaimer**
The classification data is provided for information and searching purposes only. CIPO does not warrant the accuracy of the classes assigned to the trademark. This data has no legal value of any kind.

20 - Furniture, mirrors, articles not included in other classes
42 - Computer and scientific

**Claims**
Used in CANADA since at least 1979

**Recordals (known also as Footnotes)**
**Amalgamation and Address / Fusionnement et adresse** DATE REGISTERED / DATE DE L'ENREGISTREMENT: 2019-03-11 DATE OF CHANGE / DATE DE CHANGEMENT: 2013-05-01 COMMENTS / COMMENTAIRES: FROM: GUNNAR MANUFACTURING INC. TO: GUNNAR GROUP INC. Voir Preuve au dossier/See evidence on File No. 1132977

**CHANGE IN TITLE / CHANGEMENT EN TITRE:** TYPE OF CHANGE / GENRE DE CHANGEMENT: Clerical Correction / Correction DATE REGISTERED / DATE DE L'ENREGISTREMENT: 2019-04-03 DATE OF CHANGE / DATE DE CHANGEMENT: 2019-04-03 COMMENTS / COMMENTAIRES: change address to 3220 - 118th Avenue SE Voir Preuve au dossier/See evidence on File No. 1132977

## Action History

| Action | Action date | Due date | Comments |
|---|---|---|---|
| Filed | 2002-03-04 | | |
| Created | 2002-03-11 | | |
| Formalized | 2002-03-27 | | |
| Search Recorded | 2003-02-28 | | |
| Examiner'S First Report | 2003-03-12 | 2003-07-12 | |
| Correspondence Created | 2003-03-30 | 2003-07-30 | |

| Approved | 2003-09-15 | | |
|---|---|---|---|
| Advertised | 2003-10-15 | | Vol.50 Issue 2555 |
| Allowed | 2004-01-02 | | |
| Allowance Notice Sent | 2004-01-02 | 2004-07-02 | |
| Registered | 2004-03-05 | 2019-03-05 | |
| Nice Classification Courtesy Letter Sent | 2018-08-02 | | |
| Renewed | 2019-03-05 | 2034-03-05 | DP:2019/02/07 RD:2019/02/06 RR:Kristi Sotiropoulos Bennett Jones LLP 4500, 855 - 2nd Street SW Calgary, Alberta T2P 4K7 Canada |
| Amendment To Registration | 2019-03-11 | | Amalgamation and address / Voir Preuve au dossier/See evidence on File No. 1132977 |
| Clerical Correction | 2019-04-03 | | Clerical correction / Voir Preuve au dossier/See evidence on File No. 1132977 |